**CAMERON A. MORGAN, ESQ.**
ATTORNEY AT LAW
4295 North 75th Street
Scottsdale, Arizona 85251
TEL (480) 990-9507 ♦ FAX (480) 990-9509
*Arizona State Bar No. 006709*
camerona.morgan@hotmail.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | ) |
|   Plaintiff, | ) NO:  CR-11-731-02 PHX FJM |
|   vs. | ) **DEFENDANT'S PROPOSED** |
| **Artemio Pena-Torrecillas,** | ) **JURY INSTRUCTIONS** |
|   Defendant. | ) |

Defendant, by and through his attorney undersigned, hereby respectfully submits the following jury instructions from the 9th Circuit Model Criminal Jury Instructions.

ST 4.11   EYE WITNESS IDENTIFICATION

ST 6.10   MERE PRESENCE

ST 8.22   MULTIPLE CONSPIRACIES

DATED this 9th day of May, 2013.

   */s/Cameron A. Morgan*
   Cameron A. Morgan
   Attorney for Defendant

FILED electronically (CM-ECF) on this 9th day of May, 2013, with:

Clerk of Court
United States District Court
Phoenix, Arizona

Copy of the foregoing e-mailed

1. this 9th day of May, 2013, to:
2. Honorable Susan Bolton
   bolton_chambers@azd.uscourts.gov
3. 
4. AUSA Jonell L. Lucca
   jonell.lucca@usdoj.gov
5. 
6. BY:/s/*Dawn-Marie Kenney*

## 4.11 EYEWITNESS IDENTIFICATION

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1) the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2) whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3) any inconsistent identifications made by the eyewitness;

(4) the witness's familiarity with the subject identified;

(5) the strength of earlier and later identifications;

(6) lapses of time between the event and the identification[s]; and

(7) the totality of circumstances surrounding the eyewitness's identification.

**6.10 MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of possession of methamphetamine for distribution. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

## 8.22 MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.