X FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 3 0 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-00731-02-PHX-SRB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Final Jury Instructions |
| | ) | |
| Artemio Pena-Torrecillas, | ) | |
| Defendant. | ) | |
| | ) | |

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

The indictment is not evidence. The defendant has pled not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions. Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

You have also heard testimony from persons who because of their involvement in the case, were permitted to state opinions regarding their perceptions of the case. These opinions were admitted only to assist your understanding of the facts about which the witness actually perceived and not to provide specialized explanations or interpretations. You must not give any greater weight to this testimony, and you may accept or reject these opinions, or give them as much weight as you think they deserve.

Some witnesses gave both kinds of opinions during their testimony. You must not give additional weight to opinions based on perceived facts merely because of a witness's experience and education.

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

10

The Spanish language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation and disregard any different meaning.

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

The defendant is charged in Count 1 with Conspiracy to Possess with Intent to Distribute Methamphetamine. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January of 2011, and ending on or about April 14, 2011, there was an agreement between two or more persons to possess with intent to distribute methamphetamine; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

13

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Conspiracy to Possess with Intent to Distribute Methamphetamine as charged in Count 1 if the government has proved each of the following elements beyond a reasonable doubt:

First, a person committed the crime of Possession with the Intent to Distribute Methamphetamine as alleged in Count 1;

Second, the person was a member of the conspiracy charged in Count 1;

Third, the person committed the crime of Possession with the Intent to Distribute Methamphetamine in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count 1 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

The defendant is charged in Count 2 with Conspiracy to Commit Money Laundering. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January of 2011, and ending on or about April 14, 2011, there was an agreement between two or more persons to commit the crimes of Promotional Money Laundering and/or Concealment Money Laundering; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

You may find the defendant guilty of this charge if you unanimously find beyond a reasonable doubt that he conspired to commit promotional money laundering only. Similarly you may find the defendant guilty of this charge if you unanimously find beyond a reasonable doubt that he conspired to commit concealment money laundering only. You may also find him guilty if you unanimously find the defendant committed both promotional and concealment money laundering. Your verdict must be unanimous as to all elements of the offense to find the defendant guilty.

A person commits Concealment Money Laundering when that person:

1.　conducts a financial transaction involving property that represented the proceeds of prior drug trafficking transactions; and

2.　knows that the property represented the proceeds of prior drug trafficking transactions; and

3. knows that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of prior drug trafficking.

A financial transaction is a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means, or involves the transfer of title to any real property, vehicle, vessel or aircraft, or the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

A person commits the crime of Promotional Money Laundering when that person conducts a financial transaction:

1.　involving property that represented the proceeds of prior drug trafficking transactions;

2.　knows that the property represented the proceeds of prior drug trafficking transactions; and

3. acted with the intent to promote the carrying on of drug trafficking.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

You must decide whether the conspiracies charged in the indictment existed, and, if they did, who at least some of their members were. If you find that the conspiracies charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that the defendant was not a member of the charged conspiracies, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy.

Defendant is charged in Counts 7 and 9 with Possession of Methamphetamine with Intent to Distribute. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of Possession with the Intent to Distribute Methamphetamine. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

The defendant is charged in Count 8 with Possession of Firearms in furtherance of Drug Trafficking Crimes as charged in Courts 1 and 7 and in Count 10 with Possession of Firearms in furtherance of Drug Trafficking Crimes as charged in Counts 1 and 9. In order for the defendant to be found guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Conspiracy to Possess with Intent to Distribute Methamphetamine and/or Possession with Intent to Distribute Methamphetamine. These crimes are drug trafficking crimes;

Second, the defendant knowingly possessed the firearms; and

Third, the defendant possessed the firearms in furtherance of the crime of Conspiracy to Possess with Intent to Distribute Methamphetamine and/or Possession with Intent to Distribute Methamphetamine.

22

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

A defendant may be found guilty of Possession with Intent to Distribute Methamphetamine or Possession of a Firearm in Furtherance of Drug Trafficking Offenses, even if the defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of Possession with Intent to Distribute Methamphetamine or the crime of Possession of Firearms in Furtherance of Drug Trafficking Offenses was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of Possession with Intent to Distribute Methamphetamine or the crime of Possession of Firearms in Furtherance of Drug Trafficking Offenses; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Possession with Intent to Distribute Methamphetamine or Possession of Firearms in Furtherance of Drug Trafficking Offenses.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

If you find the defendant guilty of the charges in Counts 1, 7, and/or 9 you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine equaled or exceeded 500 grams. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of methamphetamine.

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

29

Verdict forms have been prepared for you. After you have reached unanimous agreement on the verdicts, your presiding juror should complete the verdict forms according to your deliberations, sign and date it, and advise the law clerk that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the law clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.