# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Artemio Pena-Torrecillas,<br><br>Defendant/Movant. | No. CV-16-04285-PHX-SRB(MHB)<br>CR-11-00731-PHX-SRB<br>**ORDER** |

Defendant/Movant, Artemio Pena-Torrecillas, filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on December 6, 2016. The Government responded in Opposition and Movant filed a Reply. The Government filed a Sur-Reply to which Movant filed a Reply. In his motion Movant raised three grounds for relief. He claimed that he received ineffective assistance of counsel with regard to his guilty plea, that his "substitute counsel" was ineffective, had a conflict of interest, and "committed grave mistakes" and that his appellate counsel was ineffective in failing to raise certain issues on appeal. In his Reply, Movant raised additional claims challenging the calculation of his base offense level under the United States Sentencing Guidelines, claiming that he was wrongly assessed a leadership enhancement for his role in the offense and claiming that his defense attorney was ineffective for failing to object to or correct either of these alleged guideline calculation errors. The Magistrate Judge issued her Report and Recommendation on November 8,

2018, to which Movant filed timely written objections. The Magistrate Judge recommended that the motion be denied and that a certificate of appealability also be denied.

Although Movant raised numerous grounds in his Motion and Reply, as detailed above, his objections are directed to only a few of them. Therefore, this Court will only make a *de novo* review of the claims in his Motion and/or Reply to which Movant has raised objections to the Magistrate Judge's Report and Recommendation.

Movant's objections are limited to his claims that his offense level was improperly calculated, that he was granted a leadership role adjustment in error, and that his lawyer was ineffective in failing to object to these errors at sentencing. Movant also objects to the Magistrate Judge's recommendation that his claim that he was improperly sentenced to a ten year consecutive sentence failed to show ineffective assistance of appellate counsel.

Movant's first objection is that because the jury found him guilty of three counts that included the finding that in each count he was in possession with intent to distribute of 500 grams of methamphetamine or more, that the total about of methamphetamine the jury found he possessed was 1,500 grams and 1,500 grams corresponds to guideline offense level 34. Movant's objection and his argument in his Reply in support of his Motion reflect that he misunderstands how the guidelines are calculated. The jury's finding in three counts that the amount of methamphetamine involved weighed 500 grams or more does not limit the Court in making its guideline calculation to 1,500 grams as Movant argues. The guideline calculation is based on the evidence at trial that the total weight of the methamphetamine involved in the counts of conviction was sufficient to place Movant's offense level at 38. Movant's objection is overruled.[1]

Movant also claims that he was denied effective assistance of counsel because his lawyer failed to argue that he was wrongly assessed a leadership enhancement for his role in the offense. In his objection, Movant argues that in any conspiracy charge can be only

---

[1] The Magistrate Judge correctly concluded that this claim and the leadership enhancement claim are analyzed only for ineffective assistance of counsel because Movant claims that the base offense level and leadership enhancement were wrong are procedurally defaulted as they were not raised on direct appeal.

one leader not two and, therefore, because one of his co-defendants was stated to be the leader in the Indictment he could not also be assessed a leadership enhancement. As the Magistrate Judge discussed, the record in this case reflects that Movant's lawyer did object to the leadership enhancement at sentencing and argued against it. The Magistrate Judge quoted specific portions of counsel's argument against the leadership enhancement. It was the Court that rejected Movant's counsel's argument. There can be no ineffective assistance of counsel for failing to make an objection that counsel did make. The objection is overruled.

Movant's third objection concerns his view that he could only be sentenced to the mandatory minimum sentence of five years for his 18 U.S.C. § 924(c) conviction. Movant mistakenly claims that 18 U.S.C. § 924(c)(1)(A)(i) is "a mandatory provision of a sentence not to exceed five years." (Movant's objection, Doc. 32 at 3) Movant asserts that only if he discharged a firearm could he be given a ten year sentence for his firearms conviction. Movant is wrong. The five year term in 18 U.S.C. § 924(c)(1)(A)(i) sentence is a mandatory minimum, not maximum, sentence. It does not limit the sentence to five years. The Court explained in detail its reasons why a sentence greater than the mandatory minimum was appropriate in this case. In the Report and Recommendation, the Magistrate Judge quoted extensively from the sentencing transcript wherein the Court explained why a sentence greater than the five year mandatory minimum for possession of a firearm in furtherance of a drug trafficking offense was being imposed. His appellate lawyer was not ineffective in failing to raise this meritless issue on appeal. Movant's objection is overruled.

IT IS ORDERED overruling Movant's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 29)

IT IS FURTHER ORDERED denying and dismissing with prejudice Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* because Movant has not made a substantial showing of the denial of a constitutional right and because denial is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 18th day of January, 2019.

_____
Susan R. Bolton
United States District Judge